**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:16cv00044 |
| vs. | : | District Judge Walter H. Rice<br>Chief Magistrate Judge Sharon L. Ovington |
| MARTIN J. DORF, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

**I.      Background**

In May 2016, the Government filed an Amended Complaint "(1) against Defendant Alice K. Dorf to reduce to judgment outstanding unpaid liability for federal internal revenue taxes; (2) against Defendant Diversity Products, Inc., *d/b/a* Slot Machines to reduce to judgment outstanding unpaid liabilities for federal income taxes; and (3) against all Defendants to enforce the associated federal tax liens that have attached to the real property located at 5262 Tall Oaks Court, Huber Heights, OH 45424 ('the Property'), title to which is currently held in the name of Allen M. Dorf." (Doc. #5, *PageID#* 42).  Summons was later returned executed against Defendant Alice K. Dorf; Defendant Diversity Products, Inc.,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*d/b/a* Slot Machines (Defendant Diversity Products); and Defendant National City Bank now known as PNC Bank, National Association (PNC Bank, National Assn.). These three Defendants did not file an Answer or otherwise respond to the Government's Amended Complaint.

On June 13, 2016, the Clerk of Court filed an Entry of Default pursuant to Fed. R. Civ. P. 55(a) against Defendant Alice K. Dorf and PNC Bank, National Assn.[2] (Doc. #18). One week later, the Clerk filed an Entry of Default under Rule 55(a) against Defendant Diversity Products. (Doc. #20).

On June 21, 2016, the Government filed a Motion For Default Judgment Against Defendants Alice K. Dorf, Diversity Products, and PNC Bank, National Assn. (Doc. #23). These Defendants did not oppose or otherwise respond to the Government's Motion. Consequently, an Order to Show Cause issued, requiring each of these Defendants to show cause—on or before September 27, 2016—why the Government's Motion for Default Judgment should not be granted. (Doc. #27). Neither Defendant Alice Dorf, Diversity Products, nor PNC Bank, National Assn. has responded to the Order to Show Cause or the Government's Motion for Default Judgment.

## II. **Default Judgment Is Warranted**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default and

---

[2] The third Entry of Default was against Defendant Allen M. Dorf. Mr. Dorf's counsel filed an unopposed Motion to Set Aside Default against Mr. Dorf. The Court granted the unopposed Motion and set aside the Entry of Default against Mr. Dorf.

judgment by default against a party who fails to plead or otherwise defend as provided for under the Civil Rules. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003).

In the present case, each entry of default against Defendants Alice Dorf, Diversity Products, and PNC Bank, National Assn. was warranted under Fed. R. Civ. P. 55(a) due their respective failures to Answer or otherwise respond to the Government's Amended Complaint. These entries also properly preceded the Government's Motion for Default Judgment. *See O.J. Distrib.*, 340 F.3d at 352; *see also Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Review of the returns of service establishes that the Government properly effected service of summons upon these Defendants by personally serving Alice K. Dorf with the summons, by personally serving the registered agent for Diversity Products, and by personally serving a specific person designated to accept service on behalf of PNC Bank, National Assn. *See* Doc. #s 9, 13, 15; *see also* Fed. R. Civ. P. 4(e)(2). Consequently, there is no controversy regarding the fact that these Defendants are in default: Each was properly served with a summons, and each has not filed an answer or otherwise responded to the Complaint.

The issue thus becomes whether the entries of default ripened into default judgments under Fed. R. Civ. P. 55(b)(2) against Defendants Alice Dorf, Diversity Products, or PNC Bank, National Assn. These Defendants' failures to respond to the Amended Complaint does not automatically mean default judgment must be entered against them. There are

other considerations first, such as reviewing the Amended Complaint to determine if the well-pleaded facts taken as true present a "'sufficient basis' ... entitling Plaintiff to judgment pursuant to Rule 55(b)." *United States v. Allen*, No. 2:12-cv-1034, 2014 WL 5305518, at *2 (S.D. Ohio Oct. 15, 2014) (Smith, D.J.); *see also LaSalle Bank Nat'l Ass'n v. Appleton*, No. 1:07-CV-175, 2007 WL 2344708, at *2 (S.D. Ohio Aug. 15, 2007) ("Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true."). To obtain a default judgment under Rule 55(b)(2), the Government—as a plaintiff seeking default judgment—bears the burden of establishing both liability and damages. *See Ayers v. Receivables Performance Mgmt., L.L.C.*, No. 2:15-CV-12082, 2016 WL 5402962, at *3 (E.D. Mich. Sept. 28, 2016).

The Government's well-pleaded factual allegations and the substance of the claims it asserts against Defendants Alice Dorf, Diversity Products, and PNC Bank, National Assn. establish that this Court has subject matter jurisdiction over the instant case under federal question jurisdiction, 28 U.S.C. § 1331, and as provided by 28 U.S.C. §§ 1440 and 1445. The Court also has jurisdiction under certain provisions of the United States Tax Code. *See* 26 U.S.C. §§ 7402(a) and 7403. Venue in this judicial district is proper because Defendants reside within this judicial district and because the property at issue is located within this judicial district. *See* 28 U.S.C. §§ 1391(b) and 1396.

Accepting as true the well-pleaded facts asserted in the Government's Amended Complaint establishes, through Count I, that Defendant Alice Dorf is jointly and severally

liable for unpaid federal tax liability for tax years 2004, 2005, 2006, 2007, 2008, and 2013 totaling, along with accruals and costs, $135,890.86.[3] Defendant Alice Dorf was provided with notice and a demand for payment of these tax liabilities. Despite the notice and demand, Defendant Alice Dorf has failed, neglected, or refused to pay in full these tax liabilities. As a result, Defendant Alice Dorf remains jointly and severally indebted to the United States of America for unpaid internal revenue taxes, statutory penalties, and interest in the amount of $135,890.86, plus such additional amounts as may have accrued from February 9, 2016 as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

Next, accepting as true the well-pleaded facts asserted in the Government's Amended Complaint further establishes, through Count II, that Defendant Diversity Products is liable for unpaid federal corporate income taxes for tax years 2001 through 2006 totaling, with accruals and costs, $983,153.90. Defendant Diversity Products was provided with notice of these tax liability and demand for payment. Despite such notice and demand, Defendant Diversity Products has failed, neglected, or refused to pay in full these tax liabilities. After all abatements, payments, and credits, as of February 9, 2016, Defendant Diversity Products remains indebted to the United States of America for unpaid internal revenue taxes, statutory penalties, and interest in the amount of $983,153.90, plus such additional amounts as may

---

[3] The Amended Complaint alleges that Defendant Alice K. Dorf is jointly and several liable with her husband, Martin J. Dorf, who died in November 2015. The Amended Complaint does not name Martin J. Dorf as a Defendant, and the Government's Motion for Default Judgment explains, "Martin J. Dorf is no longer a party to the case." (Doc. #23, *PageID*# 143).

have accrued from February 9, 2016, as provided by law, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

Turning to the property at issue, the well-pleaded allegations in the Government's Amended Complaint establishes, through Count III, that it seeks to enforce its tax liens upon property located at 5262 Tall Oaks Court, Huber Heights, OH 45424, in Montgomery County (the Property). The Property is legally described as follows:

> Situated in the City of Huber Heights, County of Montgomery, State of Ohio, and being all of Lot number 67 of Heathermere Section Two as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 191, Page 1-1A of the Montgomery County Recorder's Office.
>
> Being property conveyed to Allen M. Dorf by deed of The Drees Company, dated December 2, 2004, and recorded with the Recorder's Office of Montgomery County as Instrument 2005-00013010.

(Doc. #47, *PageID*#s 46-47, ¶23).

As a result of Diversity Products' failure to pay the tax liabilities described in Count II of the Amended Complaint, federal tax liens in the amount of the original assessments, plus interests and other statutory additions, arose on the date of the assessments, and attached to all property and rights to property belonging to Defendant Diversity Products. *See* 26 U.S.C. §§ 6321 and 6322. This includes all property and rights belonging to Defendant Diversity Products in the Property. Care must be take here, however, because the Government did not have the benefit of Defendant Allen M. Dorf's Answer until after it filed its Motion for Default Judgment. The Court may not, at this time, accept as true the well-pleaded factual allegations, or the legal conclusions, in the Amended Complaint related

to Defendant Allen M. Dorf's ownership or nominal ownership of the Property. This is so in light of Defendant Allen Dorf's denials to at least some of the Government's allegations concerning his nominal ownership of the Property. *Compare, e.g.,* Doc. #5 *with* Doc. #25 (¶s 26, 29, 30, 31, 33, 34, 38, 39, 40, 42, 43). Those denials create, at this point in the case, unresolved issues concerning whether Defendant Diversity Products or Defendant Allen Dorf hold legally enforceable ownership interests in the Property.

On March 8, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessments made against Defendant Diversity Products for the Form 1120 federal income tax years ending 2001, 2002, 2003, 2004, and 2005, in the Montgomery County Recorder's Office. On June 11, 2010, the Internal Revenue Service filed a Notice of Federal Tax Lien for the tax assessment made against Defendant DP for the Form 1120 federal income tax year ending 2006, in the Montgomery County Recorder's Office.

Accordingly, for the reasons set forth above, the Government's Motion for Default Judgment is well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff United States Of America's Motion For Entry of Default Judgment (Doc. #23) be GRANTED; and

2. The Court enter Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2):

    a. against Defendant Alice K. Dorf in the amount of $135,890.86, plus interest and other additional amounts that have accrued after February 9, 2016, and will continue to accrue as provided by law, with respect to unpaid federal income taxes (Form 1040) for

        tax years ending December 31, 2004, 2005, 2006, 2007, 2008, and 2013;

    b.    against Defendant Diversity Products, Inc. d/b/a Slot Machines, in the amount of $983,153.90, plus interest and other additional amounts that have accrued after February 9, 2016, and will continue to accrue as provided by law, with respect to unpaid federal corporate income taxes (Form 1120) for tax years ending December 31, 2001, 2002, 2003, 2004, 2005, and 2006;

    c.    against Defendant Diversity Products, Inc. d/b/a Slot Machines, declaring that the Plaintiff United States of America holds valid and subsisting liens associated with its tax debts that attach to all property and rights to property belonging to said Defendant, ; and

    d.    finding that Defendants Alice K. Dorf and National City Bank, now known as PNC Bank, National Association, have no right, title, claim, lien, or interest in the Property.

October 21, 2016

                                                            s/Sharon L. Ovington
                                                              Sharon L. Ovington
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).